**No. 57658.**—W. R. Zanes and Company *v.* United States, protests 78497–K, 78498–K, and 91966–K (Galveston).

MOLLISON, Judge: These three cases were consolidated for trial and disposition. Each of the protests is directed against the action of the collector of customs in refusing to allow drawback under the provisions of section 313 of the Tariff Act of 1930, as amended, upon the exportation of certain cutters, bits, etc., claimed to have been manufactured in the United States with the use of imported tungsten metal powder, or with domestic tungsten metal powder substituted therefor, in accordance with the provisions of subsection (b) of said section 313.

At an earlier hearing, the plaintiff established sufficient facts to show that the collector had pursued an incorrect method of charging the imported quantities of metal for drawback purposes. However, a *prima facie* case on drawback requires that the facts of importation (and/or substitution), manufacture, and exportation be established before this court, as well as the fact that all pertinent customs regulations have been complied with. *United States* v. *C. J. Holt & Co., Inc.,* 17 C. C. P. A. (Customs) 385, T. D. 43822. The cases were, therefore, restored to the docket to permit the parties to complete the record.

The facts of importation and/or substitution, manufacture, and exportation, as well as compliance with the applicable customs regulations, are not now in dispute, having been agreed to by counsel for the parties. In addition, it was stipulated by counsel for the parties that the amount of money disallowed by reason of the method used in liquidation and handling of applicable documents and to which the plaintiff is entitled to refund amounts to $81.54 in the case of protest 78497–K, to $954.53 in the case of protest 78498–K, and to $239.67 in the case of protest 91966–K.

Upon the entire record before us, therefore, the protest claims are sustained to the extent indicated above.

Judgment will issue accordingly.

Opinion by MOLLISON, J. It was stipulated that the record made in protests 78497–K, etc. (Abstract 57658), decided concurrently herewith, be incorporated as a part of the record in this case, and that the amount of money disallowed by reason of the method used in liquidation and handling of applicable documents, to which the plaintiff is entitled to refund, amounts to $2,118.09. On the record presented, the claim of the plaintiff was sustained.